Bernard S. Meyer, J.
Defendants move to set aside verdicts of the jury in favor of plaintiff wife for $25,000 and of plaintiff husband for $3,500. The accident occurred in 1954. It was admitted that plaintiff wife did not consult a doctor for six days after the accident, although she had visited her doctor the day before the accident and during the six-day interval had written a letter forwarding an estimate for repairs to her car for transmission to defendants’ insurance broker. The letter was introduced in evidence by defendants. After retiring for deliberation, the jury requested that they :be informed of the amount of insurance carried. They were then recalled and instructed that whether or not defendants carried insurance was not to be considered in their deliberations, that their verdicts must be based upon their own determination of fair compensation for the damages suffered and that the only limitations were that they could not award more than the amounts claimed by the respective plaintiffs in the complaint nor, this being an assessment of damages after summary judgment, less than nominal damages of six cents.
The bases of the motion are (1) that the verdicts were based on prejudice as indicated by the insurance inquiry; (2) that the verdicts are excessive; and (3) that they are against the weight of the credible evidence. Since the element of insurance was introduced by the defendants, they may not be heard to complain *163 that the jury was aware of the existence of insurance. Nor should the court presume that after specific instruction that it was not to consider insurance in arriving at the amount of its verdicts, the jury nonetheless ignored that instruction and fixed its award on some unexplained basis related to the existence of insurance. (Nappi v. Falcon Truck Renting Corp., 286 App. Div. 123,128.)
Neither may the verdicts be said to be excessive. As concerns the verdict for the husband, the proof showed actual expenditures totalling approximately $2,000. Allowance of $1,500 for loss of services under the circumstances of this case is not improper. As concerns the verdict for the wife (Waldorf v. Sorbo, 10 A D 2d 226) furnishes a standard of measurement. In that case the Appellate Division, Third Department, found a verdict of $21,000 excessive and granted a new trial unless plaintiff stipulate to accept $10,000. The nature of Mrs. Waldorf’s injuries is clearly delineated by the following passage from the decision (p. 229): “As stated before, the impact was not severe, in fact minimal. The alleged ‘ whip lash ’ injury consisted of muscle spasm and stiffness. There were no broken bones, no dislocations. No traction was necessary, no hospitalization was required. Mrs Waldorf continued working for several months after the accident and the Thomas collar was not used until sometime later on the advice of Dr. Slowick. The claimed wage loss of $5,000 was unconvincing. The husband’s special damage was $564.95.” In the instant case, there was evidence of a fractured vertebra, of ligamentous tears and hemorrhaging, of constant traction, beginning with hospital traction approximately one month after the accident, of constant increase in the traction weight so that at the time of trial 25 pounds of weight was required to obtain relief, of the use of a neck brace intermittently from the time she left the hospital in June, 1954 until sometime in October, 1954, of the use of a Thomas collar frequently and regularly since it was first prescribed in February, 1956, and of involvement of the lumbar spine and the sympathetic nervous system.
Further, more than six years have elapsed in the instant case and while there was dispute as to medical causation, it was not disputed that plaintiff’s condition has, during the intervening six years, become progressively worse and can be expected to worsen in the future. Measured against the $10,000 verdict approved in the Waldorf case, a $25,000 verdict in the instant case should not be set aside for excessiveness.
The argument that the verdict is against the weight of the credible evidence is predicated largely on the conclusion that *164 plaintiff was not thrown forward or backward or sideways when the collision occurred. Plaintiff did not herself testify to the backward and forward motion which the phrase ‘ ‘ whip lash ’ ’ connotes. Her testimony was, however, that at the time of impact, she heard a terrible noise, felt that the car had exploded, had a singing sensation in her head, and the glasses that she had been wearing were, after the impact found in the rear of the car, and that the glove compartment was thrown open by the impact and jammed in that position. Defendant admitted that she had picked up plaintiff’s glasses from the rear of the car and that her attention was called at that time to the glove compartment. The circumstances thus described are sufficient to permit the drawing of the conclusion that a whip lash injury occurred, notwithstanding the fact that the evidence nowhere includes a description of the specific motions of plaintiff’s head and body. Given the predicate of a whip lash mechanism, the court does not find the verdict to be against the weight of the credible evidence, medical or other.
It follows that the motion to set aside the verdict must be denied and that judgment should be entered upon the verdict of the jury as recorded by the Clerk. The Clerk is directed to proceed accordingly.